<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BREON CAMP,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 16-2463 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

　　This matter comes before the Court upon Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Shapiro & Denardo, LLC's ("S&D") (collectively, "Defendants") Motions to Dismiss (ECF Nos. 15, 16) pro se Plaintiff Breon Camp's ("Plaintiff") Complaint (ECF No. 1). Plaintiff additionally filed a Motion for Leave to Amend the Complaint (ECF No. 17) and Wells Fargo responded (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court **GRANTS** Defendants' Motions to Dismiss without prejudice and Plaintiff's Motion for Leave to Amend.

**I.　<u>Background</u>**

　　This matter arises from a residential foreclosure action initiated by Wells Fargo in state court.[1] On October 28, 2009, Plaintiff executed a fixed rate note in the amount of $171,347 (the

---

[1] In connection with the Motion to Dismiss, Wells Fargo offers records pertaining to the state court foreclosure proceeding. The Court utilizes these records as a means of "establish[ing] the nature and scope of [the] prior proceedings between the parties." *Farah v. Lasalle Bank Nat'l Ass'n*, No. 15-2602, 2016 WL 1162644, at *5-6 (D.N.J. Mar. 23, 2016) (stating that "records of the foreclosure action that are intrinsic to the complaint may be considered without converting a facial

"Mortgage") with Mortgage Electronic Registration Systems as nominee for NVR Mortgage Finance, Inc. ("NVR"). (Wells Fargo's Mot. to Dismiss Exs. B & C, ECF Nos. 15-6, 15-7.) On November 10, 2009, the Mortgage was properly recorded and secured against real property located at 16A Steel Street, Trenton, New Jersey.[2] (Wells Fargo's Mot. to Dismiss Ex. C.) On December 1, 2014, Plaintiff defaulted on the Mortgage. (Wells Fargo's Mot. to Dismiss Ex. E, ECF No. 15-9.) The Mortgage was assigned to Wells Fargo on December 31, 2014, and was subsequently recorded on January 2, 2015. (Wells Fargo's Mot. to Dismiss Ex. D, ECF No. 15-8.)

On April 8, 2015, Wells Fargo initiated a residential foreclosure action in the Superior Court of New Jersey.[3] (Wells Fargo's Mot. to Dismiss Ex. E; Compl. ¶ 10, ECF No. 1.) Plaintiff failed to contest the foreclosure. (Wells Fargo's Mot. to Dismiss Ex. F, ECF No. 15-10.) On April 13, 2016, Wells Fargo filed an application for Final Judgment. (*Id.*) On May 9, 2016, a Final Judgment for Foreclosure Writ of Execution was entered by the state court. (Wells Fargo's Mot. to Dismiss Ex. G, ECF No. 15-11.)

On May 2, 2016, seven days prior to the Final Judgment for Foreclosure, Plaintiff filed the instant Complaint against Wells Fargo and S&D.[4] (*See* Compl.) Plaintiff disputes the validity of

---

Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment" (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014))).

[2] The Mortgage was recorded in Mercer County.

[3] The foreclosure action was initiated in Mercer County through Wells Fargo's prior counsel, Zucker, Goldberg & Ackerman ("ZGA"). (Wells Fargo's Mot. to Dismiss Ex. E, ECF No. 15-9.) On or around August 24, 2015, Shapiro & Denardo, LLC ("S&D") was substituted as counsel for Wells Fargo in the state foreclosure action. (S&D's Mot. to Dismiss 2, ECF No. 16-1; Wells Fargo's Mot. to Dismiss Ex. F, ECF No. 15-10.)

[4] Generally, courts must be mindful of a litigant's pro se status when examining pleadings filed by the pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, pro se complaints and pleadings are liberally construed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001). In the instant case, Plaintiff is pro se. Given the liberal construction afforded to pro se complaints

2

the state foreclosure action and entry of final judgment, alleges that throughout the foreclosure proceedings Defendants "misrepresented [his] legal identity," alleges that Defendants' actions caused "severe mental anguish," and alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). (*See id.* ¶¶ 1, 11-15, 20-26, 38-43.) On July 15, 2016, Defendants filed the instant Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF Nos. 15, 16.)

## II.   Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### A.   Standard of Dismissal under Rule 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v.*

---

and pleadings, the Court conducted a searching review of Plaintiff's Complaint and Motion for Leave to Amend in an attempt to ascertain plausible claims.

3

*Genesis HealthCare Corp.*, 656 F.3d 189, 194 n.4 (3d Cir. 2011) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true, and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### B.  Standard of Dismissal under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at

4

679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion

#### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff alleges that Defendants made misrepresentations concerning Plaintiff's and Defendants' legal identities, Defendants were wrongfully in possession of and made representations concerning Plaintiff's "[p]rivate non-public information," and Wells Fargo "threatened to take actions and [did take] actions that [it was] not legally able to take." (Compl. ¶¶ 12, 14, 41.) In addition, Plaintiff claims that "a party cannot be bound by a contract that he has not made or authorized." (*Id.* ¶ 15.) While the Complaint does not state a cognizable claim with respect to these arguments, the Court liberally construes these allegations as challenges to Wells Fargo's ability to bring the foreclosure action and to the validity of the final judgment entered by the state court. Defendants contend that these claims are barred by the doctrine of res judicata.[5]

Res judicata bars a suit if "(1) the judgment in the first action is valid, final, and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first action." *Garris-Bey v. Aurora Loan Servs., LLC*, No. 11-6115, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 598 (N.J. 1991)). Plaintiff's failure to contest the foreclosure action implicates res judicata because "in New Jersey, 'a default judgment is a valid and final adjudication on the merits and therefore has res judicata effect barring future litigation." *Id.* (citation omitted).

---

[5] In addition, Defendants allege that the claims are barred by the Entire Controversy Doctrine, Collateral Estoppel, and the Colorado River Abstention Doctrine. (*See generally* Wells Fargo's Mot. to Dismiss.) The Court need not reach these arguments to dispose of the instant Motions.

5

In *Garris-Bey*, the court found that a federal action following the state foreclosure action alleging "defective assignments of [the plaintiff's] mortgage" was barred, inter alia, by the doctrines of res judicata and the entire controversy doctrine. *Id.* at *1-2. The court explained that the res judicata factors were satisfied as: (1) "the Final Foreclosure judgment [was] a valid, final judgment on the merits;" (2) "[t]he defendants were involved in the prior foreclosure action, either as a party or in privity with a party;" and (3) "all of [the plaintiff's] claims arose out of the same transaction . . . as the claims in the Foreclosure Action." *Id.* at *2. Here, the res judicata factors are also satisfied. First, the state court issued a valid final judgment. Second, Wells Fargo and Plaintiff were parties to the state foreclosure action and S&D, as the attorney for the mortgagee, was in privity with Wells Fargo. Finally, the Court finds that the claims arise from the same occurrence—the foreclosure of the Mortgage.

The Court concludes that Plaintiff's state foreclosure claims are barred by the doctrine of res judicata and Plaintiff fails to meet his burden of persuasion. *See Symczyk*, 656 F.3d at 194 n.4.[6] The Court grants Defendants' Motions to Dismiss for lack of subject matter jurisdiction with respect to the state foreclosure claims, as "the [C]omplaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa*, 67 F. Supp. 2d at 438.

### B. Motion to Dismiss for Failure to State a Claim

1. Claims Arising Under the Fair Debt Collection Practices Act ("FDCPA")

Plaintiff asserts several claims under the FDCPA against Wells Fargo. (*See* Compl. ¶¶ 1, 11, 13, 20, 38, 40-42.) The FDCPA only applies to *third party* debt collectors. *See* 15 U.S.C.

---

[6] Alternatively, the Court finds the Entire Controversy Doctrine applicable but need not perform an analysis because the Court finds the state foreclosure claim barred by res judicata. *See Garris-Bey v. Aurora Loan Servs., LLC*, No. 11-6115, 2012 WL 694719, at *1-2 (D.N.J. Mar. 1, 2012) (finding that the Entire Controversy Doctrine applied in the foreclosure context where the claims "pertain[ed] to [the] defendant's ability to foreclose on the property," and "could have and should have been made in the underlying proceeding").

§ 1692(a)(6) (explaining that the FDCPA is applicable only to a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"). The Third Circuit has explained that, "the [FDCPA] does not apply to persons or businesses collecting debts on their own behalf." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). The Court finds that Plaintiff cannot assert claims against Wells Fargo under the FDCPA, to the extent those claims arise from the actions taken by Wells Fargo in the course of its collection of the Mortgage.

Conversely, law firms assisting with a foreclosure action fall under the purview of the FDCPA. The Court, therefore, finds that a claim may be asserted against S&D under the FDCPA. The Court, however, concludes that the Complaint is entirely devoid of any allegations of conduct by S&D that would violate any section of the FDCPA. Plaintiff asserts that a communication received on April 18, 2016 represented S&D as "Attorneys at Law," and that S&D has "continually represented that they are attorneys when in fact they have been acting in the capacity as debt collectors." (Compl. ¶¶ 21, 39.) While 15 U.S.C. § 1692(e)(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," there is no provision of the FDCPA that prevents attorneys in the process of collecting a debt from identifying themselves as such.

Plaintiff also claims that S&D sent debt collection notices without Plaintiff's express prior consent or permission from a court. (Compl. ¶ 20.) Under the FDCPA, there are specific circumstances where a debt collector may not communicate directly with a consumer absent prior consent or permission from a court of competent jurisdiction. *See* 15 U.S.C. § 1692(c). Under the statute, for example, communications at an unusual time or place, or direct communications where the debt collector knows the consumer has retained an attorney are prohibited absent prior consent

7

or permission from a court. *See* 15 U.S.C. § 1692(c)(1). The Court finds that Plaintiff has not alleged any facts to create any inference that S&D acted in violation of this section.

Additionally, Plaintiff appears to allege that reference to Plaintiff as a "debtor" rather than as a "consumer/creditor" violates the FDCPA or, alternatively, constitutes identity theft. (Compl. ¶¶ 23-24.) Plaintiff fails to cite to, and the Court is unaware of, any authority to support this proposition. While the statute refers to a "consumer,"[7] it is standard practice to refer to such person falling under this definition as a "debtor." *See, e.g., Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (explaining that for the purposes of the FDCPA, "communications . . . should be analyzed from the perspective of the least sophisticated *debtor*") (emphasis added). Thus, the Court concludes that referring to the "consumer" as a "debtor" does not violate the FDCPA.

Finally, Plaintiff claims S&D "misrepresented [his] legal identity as well as [S&D's] legal identity in [an] attempt to collect [on] an alleged debt on multiple occasions." (Compl. ¶ 40.) Under 15 U.S.C. § 1692(e), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff has attached several exhibits to the Complaint, but none of the exhibits lend support to the claim that S&D made a false or misleading representation. Plaintiff does not specifically state how S&D "misrepresented [his] legal identity." The Court liberally construes this allegation as stemming from the reference to Plaintiff as a "debtor" rather than a "consumer." Further, as explained above, S&D's identification of itself as attorneys at law is not in violation of the FDCPA, nor does it otherwise misrepresent S&D's "legal identity." While the Court is to construe a pro se complaint liberally, it should not consider factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678. Thus, the Court finds that Plaintiff fails to

---

[7] Pursuant to 15 U.S.C. § 1692(a)(3), a consumer is defined as "any natural person obligated or allegedly obligated to pay any debt."

sufficiently plead a cognizable claim under the FDCPA and dismisses the FDCPA-related claims pursuant to Rule 12(b)(6).

2. Claims for Emotional Distress against Wells Fargo and S&D

Plaintiff claims that Defendants' "collection behavior and conduct" resulted in severe mental anguish. (Compl. ¶¶ 26, 43.) The Complaint does not specify whether Plaintiff alleges intentional or negligent infliction of emotional distress. In construing the Complaint liberally, the Court considers the viability of both causes of action.

"The elements of a negligent infliction of emotional distress claim in New Jersey are: (1) a legal duty to exercise reasonable care, (2) breach of this duty, (3) negligent conduct, and (4) emotional distress." *Francis v. TD Bank, N.A.*, No. 12-7753, 2013 WL 4675398, at *6 (D.N.J. Aug. 30, 2013) (citing *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122, 1128 (N.J. 1989)). In New Jersey, "[a] claim for negligence . . . can succeed only where the defendant owes the plaintiff a legal duty." *See Hernandez v. Fed. Nat. Mortg. Ass'n*, No. 14-7590, 2015 WL 3386126, at *4 (D.N.J. May 26, 2015) (*see, e.g., Strachan v. John F. Kennedy Memorial Hosp.*, 538 A.2d 346, 349 (N.J. 1988); *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988)). A bank, however, does not owe a duty to a borrower. *Hernandez*, 2015 WL 3386126, at *4 (citing *Galayda v. Wachovia Mortg.*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010)). Here, Wells Fargo, a bank, does not owe a legal duty to Plaintiff. As such, the Court concludes that Plaintiff cannot assert a cognizable claim for negligent infliction of emotional distress and dismisses Plaintiff's claim pursuant to Rule 12(b)(6).

To prevail on a claim for intentional infliction of emotional distress, a claimant must demonstrate conduct "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized

community." *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 117 (3d Cir. 1996) (citation omitted). Construed liberally, Plaintiff alleges that "collection behavior" resulted in "severe mental anguish." (Compl. ¶¶ 26, 43.) An attempt to collect debt, however, "does not rise to a level of outrageous conduct, especially under New Jersey's high bar for outrageous behavior." *Diaz v. Bank of N.Y.*, No. 15-1954, 2016 WL 111420, at *6 (D.N.J. Jan. 11, 2016). Additionally, the issuance of written threats of foreclosure is insufficient to constitute "outrageous conduct." *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2015 WL 852071, at *17 (D.N.J. Feb. 25, 2015). To state a viable claim under this standard, Plaintiff cannot merely assert that "collection actions" taken throughout the foreclosure proceeding resulted in emotional distress. The Court finds that Plaintiff's claim for intentional infliction of emotional distress is based upon conclusory allegations that "the-defendant-unlawfully-harmed-me." *See Iqbal*, 556 U.S. at 678. The Court accordingly concludes that Plaintiff cannot assert a cognizable claim for intentional infliction of emotional distress and dismisses Plaintiff's claim pursuant to Rule 12(b)(6).[8]

## IV. Leave to Amend

A district court may deny the plaintiff an opportunity to amend his pleading "based on bad faith or dilatory motives, . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Defendants correctly state that Plaintiff's motion to amend fails to comply with Local Civil Rule 7.1(f) as it does not include a copy of the proposed amendments. The Court notes, however, that "[b]ecause Plaintiff proceeds without an attorney, his failure to follow a technical rule like Local Civil Rule 7.1(f) [may] be excused." *Allen v. N.J. Dep't of Human Servs.*, No. 06-5229, 2007 WL

---

[8] The Court notes that S&D also asserts that all of Plaintiff's claims against it are barred by the Litigation Privilege. (S&D's Mot. to Dismiss 4-5, ECF No. 16.) The Court need not reach this issue.

2306664, at *6 (D.N.J. Aug. 8, 2007). Leave to amend a pleading may otherwise be denied if the Court finds undue delay, bad faith on the part of the movant, undue prejudice to the non-moving party, or futility. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Wells Fargo argues that amendment would be futile, as "[a]ll of the claims raised in Plaintiff's Complaint are a collateral attack on a State foreclosure." (Wells Fargo's Letter 2, ECF No. 18.) Notwithstanding Plaintiff's failure to comply with the local rules, the Court is unable to determine the futility of granting leave with respect to the claims under the FDCPA against S&D and the emotional distress claims against Defendants, given the unclear nature of the allegations in the Complaint. As such, the Court declines to deny the motion on procedural or futility grounds with respect to the FDCPA claims against S&D and the emotional distress claims against Defendants. Thus, in the interest of justice, the Court will permit Plaintiff the opportunity to amend his Complaint. The Court, therefore, grants Plaintiff's Motion.[9]

## V. Conclusion

For the reasons set forth above, it is hereby ordered that the Court **GRANTS** Defendants' Motions to Dismiss without prejudice pursuant to Rules 12(b)(1) and (b)(6) and Plaintiff's Motion for Leave to Amend. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 24th, 2017

---

[9] Any amended complaint must include clear and concise allegations to support the causes of action that Plaintiff asserts against Defendants and should be cognizant of the jurisdictional bar to claims arising from the foreclosure action. In other words, any claims such as wrongful foreclosure or otherwise contesting the validity of the state foreclosure proceeding should not be included in an amended complaint.