UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BREON CAMP,

        Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Civil Action No. 16-2463 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Shapiro & Denardo, LLC's ("S&D") (collectively, "Defendants") Motions to Dismiss (ECF Nos. 22, 23) pro se Plaintiff Breon Camp's ("Plaintiff") Amended Complaint (ECF No. 21). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss with prejudice.

**I.    Background**[1]

The Court adopts the following factual background from its February 24, 2017 Memorandum Opinion. (Feb. 24, 2017 Mem. Op. 1-3, ECF No. 19.) This matter arises from a residential foreclosure action initiated by Wells Fargo in New Jersey state court.[2] On October 28,

---

[1] For the purpose of the instant motions, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The allegations included in this section are taken from Plaintiff's Amended Complaint and the Court's February 24, 2017 Memorandum Opinion.

[2] In connection with its first Motion to Dismiss, Wells Fargo offered records pertaining to the state court foreclosure proceeding. The Court utilizes these records as a means of "establish[ing] the

2009, Plaintiff executed a fixed rate note in the amount of $171,347 (the "Mortgage") with Mortgage Electronic Registration Systems as nominee for NVR Mortgage Finance, Inc. ("NVR"). (*Id.* at 2 (citing Wells Fargo's First Mot. to Dismiss Exs. B & C, ECF Nos. 15-6, 15-7).) On November 10, 2009, the Mortgage was properly recorded and secured against real property located at 16A Steel Street, Trenton, New Jersey.[3] (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. C).) On December 1, 2014, Plaintiff defaulted on the Mortgage. (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. E, ECF No. 15-9).) The Mortgage was assigned to Wells Fargo on December 31, 2014, and was subsequently recorded on January 2, 2015. (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. D, ECF No. 15-8).)

On April 8, 2015, Wells Fargo initiated a residential foreclosure action in the Superior Court of New Jersey.[4] (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. E).) Plaintiff failed to contest the foreclosure. (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. F, ECF No. 15-10).) On April 13, 2016, Wells Fargo filed an application for Final Judgment. (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. F).) On May 9, 2016, a Final Judgment for Foreclosure Writ of Execution was entered by the state court. (*Id.* (citing Wells Fargo's First Mot. to Dismiss Ex. G, ECF No. 15-11).)

---

nature and scope of [the] prior proceedings between the parties." *Farah v. Lasalle Bank Nat'l Ass'n*, No. 15-2602, 2016 WL 1162644, at *5-6 (D.N.J. Mar. 23, 2016) (stating that "records of the foreclosure action that are intrinsic to the complaint may be considered without converting a facial Rule 12(b)(1) challenge into a factual one, or a Rule 12(b)(6) motion into one for summary judgment" (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014))).

[3] The Mortgage was recorded in Mercer County.

[4] The foreclosure action was initiated in Mercer County through Wells Fargo's prior counsel, Zucker, Goldberg & Ackerman ("ZGA"). On or around August 24, 2015, S&D was substituted as counsel for Wells Fargo in the state foreclosure action. (Feb. 24, 2017 Mem. Op. 2 n.4 (internal citations omitted).)

On May 2, 2016, seven days prior to the Final Judgment for Foreclosure, Plaintiff filed a Complaint against Wells Fargo and S&D. (*Id.* at 3 (citing Compl., ECF No. 1).) On July 15, 2016, Defendants filed their First Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction and 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. (*Id.* (citing ECF Nos. 15, 16).) On February 24, 2017, the Court granted Defendants' Motions to Dismiss and granted Plaintiff leave to file an amended complaint. (*Id.* at 1.) On March 23, 2017, Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 21.) On March 6, 2017, Defendants filed the instant Motions to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF Nos. 22, 23.)

## II.  **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

3

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction[.]" *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true, and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at

679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion[5]

#### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff alleges that: Defendants made misrepresentations concerning Plaintiff's and Defendants' legal identities; Defendants were wrongfully in possession of and made representations concerning Plaintiff's "private non-public information;" and Wells Fargo "threatened to take actions and [did take] actions that [it was] not legally able to take." (Am. Compl. ¶¶ 20, 40, 62.) While the Amended Complaint does not state a cognizable claim with respect to these arguments, the Court liberally construes these allegations as challenges to Wells Fargo's ability to bring the foreclosure action and to the validity of the final judgment entered by the state court. Defendants again contend that these claims are barred by the doctrine of res judicata. The Court agrees with Defendants' contention. In the Court's February 24, 2017 Memorandum Opinion, "the Court conclude[d] that Plaintiff's state foreclosure claims [were] barred by the doctrine of res judicata and Plaintiff fail[ed] to meet his burden of persuasion."[6] (Feb. 24, 2017 Mem. Op. 6 (citation omitted).) The Court's conclusion remains the same following its

---

[5] Generally, courts must be mindful of a litigant's pro se status when examining pleadings filed by the pro se litigant. *See Erickson*, 551 U.S. at 94. As such, pro se complaints and pleadings are liberally construed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001). In the instant case, Plaintiff is pro se. Given the liberal construction afforded to pro se complaints and pleadings, the Court conducted a searching review of Plaintiff's Amended Complaint in an attempt to ascertain plausible claims.

[6] The Court's February 24, 2017 Memorandum Opinion stated: "Any amended complaint must include clear and concise allegations to support the causes of action that Plaintiff asserts against Defendants and should be cognizant of the jurisdictional bar to claims arising from the foreclosure action. In other words, any claims such as wrongful foreclosure or otherwise contesting the validity of the state foreclosure proceeding should not be included in an amended complaint." (Feb. 24, 2017 Mem. Op. 11 n.9.) Based on the allegations in the Amended Complaint, it appears that Plaintiff disregarded the Court's directive.

5

review of the Amended Complaint. Accordingly, the Court grants Defendants' Motions to Dismiss for lack of subject matter jurisdiction with respect to the state foreclosure claims, as the Amended Complaint, "on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa*, 67 F. Supp. 2d at 438.

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Claims Arising Under the Fair Debt Collection Practices Act ("FDCPA")

Count One of the Amended Complaint alleges an FDCPA claim against Wells Fargo. (Am. Compl. ¶¶ 54-71.) As outlined in the Court's February 24, 2017 Memorandum Opinion, the FDCPA only applies to *third party* debt collectors. (Feb. 24, 2017 Mem. Op. 7 (citing 15 U.S.C. § 1692a(6) (explaining that the FDCPA is applicable only to a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another")).) The Third Circuit has explained that, "the [FDCPA] does not apply to persons or businesses collecting debts on their own behalf." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). Similar to the Court's previous decision, the Court finds that Plaintiff cannot assert claims against Wells Fargo under the FDCPA, to the extent that those claims arise from the actions taken by Wells Fargo in the course of its collection of the Mortgage. The Court, therefore, dismisses Count One with prejudice as to Wells Fargo.

Conversely, law firms assisting with a foreclosure action fall under the purview of the FDCPA, and Plaintiff's claim may be asserted against S&D under the statute. The Court, however, concludes that the Amended Complaint is devoid of any allegations of conduct by S&D that would violate any section of the FDCPA. Plaintiff asserts that a communication received on April 18, 2016 represented S&D as "Attorneys at Law," and that S&D has continually represented that it is "functioning in the capacity of an attorney concerning the collection of debt created in a consumer

6

transaction [] when in fact [it has] been acting in the capacity [of a] debt collector[.]" (Am. Compl. ¶¶ 41, 46.) While 15 U.S.C. § 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," there is no provision of the FDCPA that prevents attorneys in the process of collecting a debt from identifying themselves as attorneys.

Plaintiff also claims that, on or about May 28, 2015, S&D sent debt collection notices without Plaintiff's express prior consent or permission from a court. (Am. Compl. ¶ 39.) Under the FDCPA, there are specific circumstances where a debt collector may not communicate directly with a consumer absent prior consent or permission from a court of competent jurisdiction. *See* 15 U.S.C. § 1692c. Under the statute, for example, communications at an unusual time or place, or direct communications where the debt collector knows the consumer has retained an attorney are prohibited absent prior consent or permission from a court. *See* 15 U.S.C. § 1692c(1). The Court finds that Plaintiff has not alleged any facts to create any inference that S&D acted in violation of 15 U.S.C. § 1692c(1).

Additionally, Plaintiff appears to allege that reference to Plaintiff as a "debtor" rather than as a "consumer/creditor" violates the FDCPA or, alternatively, constitutes identity theft. (Am. Compl. ¶¶ 43-45.) Plaintiff fails to cite to, and the Court is unaware of, any authority to support this proposition. While the FDCPA refers to a "consumer,"[7] it is standard practice to refer to such person falling under this definition as a "debtor." *See, e.g., Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (explaining that for the purposes of the FDCPA, "communications . . . should be analyzed from the perspective of the least sophisticated *debtor*") (emphasis added).

---

[7] Pursuant to 15 U.S.C. § 1692a(3), a consumer is defined as "any natural person obligated or allegedly obligated to pay any debt."

7

Thus, the Court concludes that referring to the "consumer" as a "debtor" does not violate the FDCPA.

Finally, Plaintiff alleges that S&D has "continually represented that [it comprises of] attorneys when in fact they have been acting in the capacity as debt collectors." (Am. Compl. ¶ 60.) Plaintiff contends that Defendants have "misrepresented [his] legal identity as well as their legal identit[ies] in [an] attempt to collect [on] an alleged debt on multiple occasions." (*Id.* ¶ 61.) Specifically, the Amended Complaint alleges that Defendants "have impersonated a debt collection action, styled [as] a foreclosure[.]" (*Id.* ¶ 65.) Moreover, Plaintiff contends that Defendants "misrepresented the character and status of the debt by relying upon the terms 'borrower,' 'real property,' 'mortgage,' and other terms." (*Id.* ¶ 66.) Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff's Amended Complaint contains general allegations which do not demonstrate that Plaintiff has a plausible claim for relief. In addition, Plaintiff has not attached exhibits to the Amended Complaint that could possibly lend support to the claim that S&D made a false or misleading representation.[8] Further, Plaintiff does not specifically state how S&D "misrepresented his legal identity." Instead, Plaintiff alleges claims arising from the foreclosure action. (*See* Am. Compl. ¶¶ 65-66.) Further, as explained above and in the Court's February 24, 2017 Memorandum Opinion, S&D's identification of itself as attorneys at law is not in violation of the FDCPA, nor does it otherwise misrepresent S&D's "legal identity." (*See* Feb. 24, 2017 Mem. Op. 8.) While the Court is to construe a pro se complaint liberally, it should not consider factually unsupported accusations that merely state "the-defendant-

---

[8] The Court notes that Plaintiff references exhibits attached to or referenced in the Complaint. The Complaint, however, is not the operative pleading. Notwithstanding this, the Court still finds that "none of the exhibits [attached to the Complaint] lend support to the claim that S&D made a false or misleading representation." (*See* Feb. 24, 2017 Mem. Op. 8.)

unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678. Thus, the Court finds that Plaintiff fails to sufficiently plead a cognizable claim under the FDCPA and dismisses Count One with prejudice as to S&D.

2. <u>Claims for Emotional Distress against Wells Fargo and S&D</u>

Plaintiff claims that Defendants' "collection behavior and conduct" resulted in severe mental anguish. (Am. Compl. ¶¶ 47, 70.) Similar to the Complaint, the Amended Complaint does not specify whether Plaintiff alleges intentional or negligent infliction of emotional distress. In construing the Amended Complaint liberally, the Court considers the viability of both causes of action.

"The elements of a negligent infliction of emotional distress claim in New Jersey are: (1) a legal duty to exercise reasonable care, (2) breach of this duty, (3) negligent conduct, and (4) emotional distress." *Francis v. TD Bank, N.A.*, No. 12-7753, 2013 WL 4675398, at *6 (D.N.J. Aug. 30, 2013) (citing *Decker v. Princeton Packet, Inc.*, 561 A.2d 1122, 1128 (N.J. 1989)). In New Jersey, "[a] claim for negligence . . . can succeed only where the defendant owes the plaintiff a legal duty." *Hernandez v. Fed. Nat'l Mortg. Ass'n*, No. 14-7590, 2015 WL 3386126, at *4 (D.N.J. May 26, 2015) (*see, e.g.*, *Strachan v. John F. Kennedy Mem'l Hosp.*, 538 A.2d 346, 349 (N.J. 1988); *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988)). A bank, however, does not owe a duty to a borrower. *Id.* (citing *Galayda v. Wachovia Mortg.*, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010)). As stated in the Court's earlier decision, Wells Fargo is a bank and does not owe a legal duty to Plaintiff. As such, the Court concludes that Plaintiff cannot assert a cognizable claim for negligent infliction of emotional distress and dismisses Plaintiff's claim with prejudice pursuant to Rule 12(b)(6).

To prevail on a claim for intentional infliction of emotional distress, a claimant must demonstrate conduct "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 117 (3d Cir. 1996) (citation omitted). Construed liberally, Plaintiff alleges that "collection behavior" resulted in "severe mental anguish." (Am. Compl. ¶¶ 47, 70.) An attempt to collect debt, however, generally "does not rise to a level of outrageous conduct, especially under New Jersey's high bar for outrageous behavior." *Diaz v. Bank of N.Y.*, No. 15-1954, 2016 WL 111420, at *6 (D.N.J. Jan. 11, 2016). Additionally, the issuance of written threats of foreclosure is insufficient to constitute "outrageous conduct." *Fogarty v. Household Fin. Corp. III*, No. 14-4525, 2015 WL 852071, at *17 (D.N.J. Feb. 25, 2015). To state a viable claim under this standard, Plaintiff cannot merely assert that "collection actions" taken throughout the foreclosure proceeding resulted in emotional distress. The Court finds that Plaintiff's claim for intentional infliction of emotional distress is based upon conclusory allegations that "the-defendant-unlawfully-harmed-me." *See Iqbal*, 556 U.S. at 678. The Court accordingly concludes that Plaintiff cannot assert a cognizable claim for intentional infliction of emotional distress and dismisses Plaintiff's claim with prejudice pursuant to Rule 12(b)(6).

IV. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS Defendants' Motions to Dismiss with prejudice pursuant to Rules 12(b)(1) and (b)(6). An order consistent with this Memorandum Opinion will be entered.

Dated: August 9, 2017

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

10